IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randal Deon Best,<br><br>　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　RESPONDENT | Crim. No. 4:04-cr-00640-TLW-1<br>C/A No. 4:16-cv-01004-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Randal Deon Best. For the reasons stated below, the petition is denied.

## I.　Factual and Procedural History

Petitioner was charged with and pled guilty to charges of carjacking (Count 3), using a firearm during and in relation to a crime of violence (Count 4), and being a felon in possession of a firearm and ammunition (Count 5). After granting the Government's motion for a downward departure pursuant to USSG § 5K1.1, the Court sentenced him to a total of 192 months incarceration, consisting of 108 months on Counts 3 and 5, and 84 months consecutive on Count 4. ECF Nos. 74, 76.

Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for

1

committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] He was classified as an armed career criminal based on his seven prior convictions for North Carolina Breaking or Entering (NC B&E). *See* PSR ¶¶ 50, 56 (two counts), 57 (four counts).

In Petitioner's memorandum in support of his § 2255 petition, he asserts that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and other cases, he no longer has the requisite number of ACCA predicate convictions and he is therefore entitled to a resentencing without the ACCA enhancement. ECF No. 176-1 at 1.

## II. 28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on Count 5. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

Fourth Circuit precedent forecloses Petitioner's argument that he no longer has the requisite convictions to be an armed career criminal.

In *United States v. Mungro*, the Fourth Circuit concluded that the NC B&E statute "sweeps no more broadly than the generic elements of burglary," and "therefore qualifies as an ACCA predicate offense." 754 F.3d 267, 272 (4th Cir. 2014). That would seem to end the matter, but Petitioner says that *Mungro*—decided prior to the Supreme Court's decisions in *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016)—does not foreclose his argument. Specifically, he points out that *Mungro* did not address NC B&E's "building" element, instead focusing on the "entry" element, and he argues that the "building" element of the statute is categorically broader than the "building" element of generic burglary. *See* ECF No. 176-1.

That precise argument, however, has now been rejected by the Fourth Circuit at least twice in the past several months. The defendants in *United States v. Street*, 756 F. App'x 310 (4th Cir. 2019) and *United States v. Atkinson*, ___ F. App'x ___, 2019 WL 181455 (4th Cir. Jan. 14, 2019) were both convicted of being felons in possession of a firearm and were both classified as armed career criminals based on their prior NC B&E convictions. They argued—as Petitioner does here—that *Mungro* did not

3

apply because it only addressed the "entry" element of burglary, not the "building" element, and that NC B&E's "building" element is broader than generic burglary's "building" element. *See Street*, 756 F. App'x at 311; *Atkinson*, 2019 WL 181455, at *1. In both cases, the Fourth Circuit explicitly and definitively rejected that argument. *Street*, 756 F. App'x at 311 ("[W]e reject this argument and hold that North Carolina breaking or entering's 'building' element sweeps no broader than generic burglary's 'building' element."); *Atkinson*, 2019 WL 181455, at *1 ("We reject this argument and hold that North Carolina Breaking and Entering's 'building' element sweeps no broader than generic burglary's 'building' element. Accordingly, we find that Atkinson was properly treated as an armed career criminal.").

In light of *Mungro*, *Street*, and *Atkinson*, the Court concludes that Petitioner still has the requisite number of ACCA predicate convictions and is therefore not entitled to habeas relief.

## IV. Conclusion

For the reasons stated, Petitioner's petition for relief pursuant to § 2255, ECF No. 176, is **DENIED**. This action is hereby **DISMISSED**.[2]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of

---

[2] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The caselaw cited analyzes and rejects the argument raised by Petitioner in his briefing.

4

appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.[3]

                                                            *s/ Terry L. Wooten*
                                                            Terry L. Wooten
                                                             Senior United States District Judge

April 25, 2019
Columbia, South Carolina

---

[3] In light of the Court's ruling, the other outstanding motion in this case, ECF No. 178, is **DISMISSED AS MOOT**.

5